IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MARCOS ANTONIO GUIFARRO SANCHEZ,

          Petitioner,

v.                                   CIVIL ACTION NO.   3:26-cv-00361

TODD M. LYONS, et al.,

          Respondents.

**ORDER**

Pending before the Court is an Amended Petition for Writ of Habeas Corpus (the "Petition") filed by Petitioner Marcos Antonio Guifarro Sanchez ("Petitioner").[1]   (ECF No. 7.) The Amended Petition, (ECF No. 7), is **GRANTED**[2]   Respondents are **ORDERED** to **RELEASE PETITIONER IMMEDIATELY** from civil immigration custody, and the Court further **ORDERS** that any personal possessions belonging to Petitioner, including identification

---

[1] The Petition was filed on May 24, 2026.  (*See* ECF No. 1.)   At the time, Petitioner was allegedly detained in the Southern District of West Virginia, and "held solely on the basis of an Immigration Detainer."   (*See id.* at 1, ¶ 1.) He was previously detained by the State of West Virginia on an unrelated charge but had since been released on bail. (*Compare* ECF No. 7-1 (Magistrate Court of Greenbrier County, West Virginia Jail Release Order, releasing Petitioner on bail, which was executed by a Southern Regional Jail ("SRJ") officer on May 24, 2026, at 10:35 A.M.) *with* ECF No. 1 at 3, n.1 (averring that Petitioner's counsel "physically visited [him] at the SJR until approximately 5:30- 5:45 P.M. on Sunday, May 24"); *see also* ECF No. 11-1 at 2 (ICE Form 7-108 (identifying that the "event" (ICE encountering Petitioner at SRJ) "[o]curred on" May 24, 2026).)   The Amended Petition claims that Petitioner was subsequently transferred out of state on May 25, 2026.   (ECF No. 7 at 4–5, ¶ 17.)   Because Petitioner was detained in the Southern District of West Virginia at the time the Petition was filed, the Court has jurisdiction over this matter. *Rumsfeld v. Padilla*, 542 U.S. 426, 448–49 (2004).   Neither party disputes this.   (*See* ECF Nos. 7, 11, 12.)

[2] This ruling is based on the Court's prior opinion, *Briceno Solano v. Mason*, No. 2:26-cv-00045, --- F. Supp. 3d ---, 2026, WL 311624 (S.D. W. Va. Feb. 4, 2026), which is adopted in its entirety, as well as other recent opinions of this Court, *see, e.g.*, *Larrazabal-Gonzalez v. Mason*, No. 2:26-CV-00049, ---F.Supp.3d ---, 2026 WL 221706 (S.D. W. Va. Jan. 28, 2026) (Goodwin, J.); *Gutierrez Aroca v. Mason*, No. 2:26-CV-00057, --- F. Supp. 3d ---, 2026 WL 357872 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.); *Gonzalez v. Aldridge*, No. CV 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026) (Chambers, J.); *Umarov v. Mason*, No. 2:26-CV-00081, 2026 WL 381614 (S.D. W. Va. Feb. 11, 2026) (Berger, J.).

and other documentation to include legal documents, be returned to him.  The Court **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner pending further order of this Court.

The Show Cause Hearing previously scheduled for June 2, 2026, is therefore **CANCELLED**.[3]

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 1, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[3] Accordingly, Petitioner's Motion for Writ of Habeas Corpus ad testificandum, (ECF No. 10), is **DENIED AS MOOT**.